

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 30, 1951

Hon. Coke R. Stevenson, Jr.
Administrator
Texas Liquor Control Board
Austin, Texas

Opinion No. V-1267.

Re: Percent of Confiscated Liquor
Fund appropriated to the Texas
Liquor Control Board, percent
to be transferred to the Gen-
eral Revenue Fund, and author-
ity to use balance to rent of-
fice space during the biennium
ending August 31, 1953.

Dear Sir:

You have requested an opinion of this office
in regard to provisions relating to the disposition of
the Confiscated Liquor Fund during the biennium ending
August 31, 1953, as follows:

1. What percent of the Confiscated
Liquor Fund may be used during the coming
biennium for the purpose of purchasing and
accumulating evidence and for other ex-
penditures authorized by Section 30(b) of
the Liquor Control Act? (Art. 666-30,
V.P.C.)

2. What percent of the Confiscated
Liquor Fund is to be transferred to the
General Revenue Fund during the coming bi-
ennium?

3. If, in view of the answers to the
above questions, there is a balance remain-
ing in the Confiscated Liquor Fund, may it
be used to pay rental on new or additional
quarters?

The general statute setting up the Confiscated
Liquor Fund and providing for its disposition is as fol-
lows:

"(b)  Thirty-five per cent (35%) of all moneys derived from the sale of alcoholic beverages, containers, any device in which said alcoholic beverages are packaged, or property, as authorized in Paragraph (a) of this Section shall be placed in a separate fund in the State Treasury to be designated as the Confiscated Liquor Fund, and thereafter all moneys in said fund shall be available to the Board to defray the expenses, and is hereby appropriated for said purpose of purchasing and accumulating evidence as to violations of the provisions of this Act, and to defray the expenses incurred in assembling, storing, transporting, selling, and accounting for said confiscated alcoholic beverages, containers, devices, and property and for any other purpose deemed necessary by the Board in administering and enforcing the provisions of the Texas Liquor Control Act.  Any unexpended portion of said fund at the end of each biennium shall remain in said fund subject to further appropriation for such purposes.  Sixty-five per cent (65%) of all moneys derived from the sale herein referred to shall be deposited in the General Fund of the State of Texas." Par.(b) of Art. 666-30, V.P.C.

The appropriation for the Texas Liquor Control Board in the general appropriation bill for the biennium ending August 31, 1953, provides in part:

"It is further provided that not to exceed twenty per cent (20%) of the receipts from the sale of confiscated beverages and equipment as provided in Section 30(b) of the Texas Liquor Control Act shall be available for defraying expenses as stipulated in said Act, and the same are hereby appropriated for each of the fiscal years ending August 31, 1952, and August 31, 1953.  The Comptroller is directed to transfer the remaining eighty per cent (80%) of the aforesaid receipts to the General Revenue Fund."  (Art. III, H.B. 426, Acts 52nd Leg., 1951, ch. 499, p. 1228, at p. 1382).

The general statute authorizes 35% of the Confiscated Liquor Fund to be appropriated for the designated expenses. However, the appropriation made by the Legislature for the coming biennium is only 20% of the fund. Since the Legislature has appropriated only 20% for the designated expenses, that sum is all that is available for such expenses. State v. Steele, 57 Tex. 200 (1882); Linden v. Finley, 92 Tex. 451, 49 S.W. 578 (1899); Att'y Gen. Op. 1745 (1917), Report and Opinions of Att'y Gen. of Texas, 1916-1918, p. 110.

The answer to your second question is governed by Attorney General's Opinion V-1254 (1951). The validity of riders in a general appropriation bill is discussed in detail in the above opinion, and we will only point out that in your case the general statute requires 65% of the Confiscated Liquor Fund to be transferred to the General Revenue Fund, while the general appropriation bill rider requires 80% to be transferred. Since a rider cannot alter, amend, or repeal a general statute, the rider is invalid to the extent that it attempts to require a transfer of more than 65% of the Confiscated Liquor Fund. Att'y Gen. Op. V-1254 (1951).

As a direct result of the answers to your first two questions, it becomes obvious that the Confiscated Liquor Fund will have a balance of 15% remaining in it. In regard to the use of that balance, you make the following statement in your opinion request:

"We have been advised that on or after September 1, 1951, it will be necessary for us to move our District Office from the Tribune Building here in Austin to another location. We are not paying any rent for the space in the Tribune Building. But for the additional or new space, it will be necessary to pay rent.

"It has also been necessary for us to acquire different and additional office space for our District Offices at Fort Worth, San Antonio, Houston, McAllen, and Wichita Falls, effective September 1, 1951.

". . . .

"It is our opinion that the rent for
the additional space for the hereinabove
mentioned moves may be paid out of the ap-
propriation in subparagraph 'e' of para-
graph (16) of Section 2 of Article III of
House Bill No. 426, p. 1439, which provides
as follows:

"'e.  In the event during the biennium
beginning September 1, 1951, and ending Au-
gust 31, 1953, any department having suffi-
cient funds in a special fund separate and
apart from the General Revenue Fund, can
rent additional office space during said bi-
ennium with the approval of the Legislative
Budget Board and the Board of Control.
There is appropriated out of said special
fund a sufficient amount to pay the rent of
the department moving to new quarters, all
of which shall be approved by the Legislative
Budget Board.'"

The answer to your third question depends upon
whether subparagraph (e) above is a sufficiently specific
appropriation to meet the requirement of Section 6 of Ar-
ticle VIII of the Texas Constitution, which provides:
"No money shall be drawn from the Treasury but in pursu-
ance of specific appropriations made by law; nor shall any
appropriation of money be made for a longer period than
two years."

The Supreme Court of Texas, in National Biscuit
Co. v. State, 134 Tex. 293, 135 S.W.2d 687,693 (1940),
said:

". . . An appropriation can be made for
all funds coming from certain sources and de-
posited in a special fund for a designated
purpose.  In such instances, it is not neces-
sary for the appropriating Act to name a cer-
tain sum or even a certain maximum sum."

In like manner an undesignated portion of a special fund
may be appropriated for a specific purpose. Att'y Gen. Op.
V-887 (1949).  The authorities above cited make obvious the
conclusion that the appropriation made in subparagraph (e),
supra, is constitutional and that the 15% in the Confis-
cated Liquor Fund, which is separate and apart from the Gen-
eral Revenue Fund, may be expended for the rental of addi-
tional or new office space.

## SUMMARY

The provision in the general appropriation bill (H.B. 426, Acts 52nd Leg., 1951, ch. 499, p. 1228, at p. 1382) appropriating 20% of the Confiscated Liquor Fund to the Texas Liquor Control Board for the purposes enumerated in Article 666-30(b), V.P.C., is valid. The provision directing the transfer of 80% of this fund to General Revenue is invalid to the extent that it attempts to so require the transfer of more than 65% of the fund, since a rider in a general appropriation bill cannot alter, amend, or repeal a general statute. The 15% remaining in the Confiscated Liquor Fund may be expended for the rental of new or additional quarters under the appropriation made in subpar. (e), par. (16), Sec. 2, Art. III, H.B. 426, Acts 52nd Leg., 1951, ch. 499, p. 1228, at p. 1439.

Yours very truly,

APPROVED:

C. K. Richards
Trial & Appellate Division

Everett Hutchinson
Executive Assistant

Price Daniel
Attorney General

PRICE DANIEL
Attorney General

By *E. Wayne Thode*

E. Wayne Thode
Assistant

EWT:wb